UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

CRAIG LEWIS,

                            Plaintiff,

        - against –

ANSYS, INC.,

                         Defendants.

-------------------------------------------------------------------------x

Case No.:

**<u>VERIFIED COMPLAINT</u>**

**DEMAND FOR JURY TRIAL**

Craig Lewis, by his attorneys, White, Hilferty & Albanese, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff Craig Lewis ("Mr. Lewis"), a 55-year-old male, files this complaint alleging that Defendant ANSYS, Inc. ("Defendant") unlawfully and improperly discriminated against him by terminating his employment without any legitimate basis. Mr. Lewis diligently performed his job duties for Defendant over the course of approximately eight months, only to receive disparate treatment in his employment opportunities. Mr. Lewis now requests that this Court enforce his civil rights as protected by federal, state, and local law.

2.      Mr. Lewis brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq.* against Defendant.

## JURISDICTION & VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's Civil Rights under Title VII and the other aforementioned federal statutes. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PROCEDURAL REQUIREMENTS

5.      Mr. Lewis complied with all statutory prerequisites to filing this action.

6.      On July 22, 2019, Mr. Lewis filed a Verified Complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") charging Defendant with unlawful discriminatory employment practices.

7.      August 10, 2019, the EEOC issued Mr. Lewis a notice of right to file suit in federal court for allegations of unlawful discrimination on the basis of gender as set forth in the Complaint.

8.      Mr. Lewis filed this action within 90 days of receipt of the EEOC's decision.

9.      Mr. Lewis met any and all other prerequisites to the filing of this suit.

## THE PARTIES

10.     Plaintiff Craig Lewis is a 55-year-old male, residing in New York County, New York. Defendant employed Mr. Lewis from September 2018 through May 2019.

11.     Defendant ANSYS, Inc. is a public company based in Canonsburg, PA.

## FACTUAL ALLEGATIONS

12.     On September 12, 2018, Mr. Lewis accepted Defendant's offer of employment and executed a Relocation Agreement & Promissory Note. Defendant's offer letter stated, "[U]pon joining, you are being offered a restricted stock unit (RSU) grant valued at $450,000." The letter also specified that Mr. Lewis, as a member of the Senior Leadership Team ("SLT") would be a part of the Executive Long-Term Incentive Plan ("ELTIP"), which was a combination of added RSUs and performance stock units ("PSU"). During this time, SVP of Worldwide Sales &

Customer Experience Rick Mahoney ("Mahoney"), Mr. Lewis' supervisor and an individual instrumental in hiring Plaintiff, verbally promised Mr. Lewis that he would get the added ELTIP RSUs and that said RSUs would equal twice his base salary. Defendant also indicated that Mr. Lewis would receive these RSUs in the April-May 2019 timeframe. However, Defendant failed to issue Mr. Lewis the ELTIP RSUs, which equated to an approximate $720,000 loss of RSUs.

13.     Notably, Mr. Lewis relocated from San Francisco, California to Canonsburg, Pennsylvania pursuant to Defendant's employment offer. Lastly, Mr. Lewis executed a Signing Bonus Promissory Note.

14.     Throughout his employment, Mr. Lewis performed work for Defendant from his home located in New York, New York.

15.     In October 2018, Defendant hired Mr. Lewis as Vice President, Americas Sales. At the time of his hire, Mahoney promised Mr. Lewis that he would be Mahoney's successor and reaffirmed this promise on multiple occasions during Mr. Lewis' tenure.

16.     Throughout his employment, Mr. Lewis performed his job duties in an exemplary manner and exceeded his targets for each quarter.

17.     On February 25, 2019, due to Mr. Lewis' exemplary performance, Mahoney issued Mr. Lewis a letter rewarding him with a $10,800 raise in his base salary as well as an equity award of $1M ($100,000 TSR PSUs, $400,000 Operating Metrics PSUs, $500,000 RSUs) effective April 1, 2019. The letter also stated, "The Board believes that our senior leaders should hold a meaningful financial stake in the Company to further align their interests with those of our stockholders. As a result, the Board has adopted Stock Ownership Guidelines…Your personal ownership guideline is 2x your annual salary." Lastly, the letter stated, "I would like to personally

congratulate you and your team on your continued commitment. Best wishes for ongoing success in 2019 and beyond."

18.     On March 27, 2019, Mahoney concluded and submitted Mr. Lewis' 2018 performance review. In the evaluation, Mahoney commended Mr. Lewis' performance by stating, "Craig has done a good job in a short amount of time in ramping with ANSYS," "In a very complex and manually intensive environment Craig has adapted to our current processes," "Strong finish by the America's team again," "Craig is the definition of thought leadership, huge impact on ideas in a compressed amount of time," and "Great start to Craig's career here at ANSYS. I have high expectations for 2019 and beyond for Craig!"

19.     During the week of May 20, 2019, Chief Executive Officer & Director Ajei Gopal met with Mr. Lewis and personally acknowledged that Mr. Lewis was performing well in the company and that Mr. Lewis was helping Defendant transform to a higher growth company. Moreover, Gopal stated that Mr. Lewis was both managing and meshing well with the company culture.

20.     On May 29, 2019, Defendant abruptly and unlawfully terminated Mr. Lewis' employment on the pretextual basis that he "did not fit the culture." Remarkably, the improper termination of Mr. Lewis' employment occurred days after Mr. Lewis cut short his bereavement leave following the death of his mother to attend a three-day leadership conference for Defendant. Mr. Lewis learned that Defendant utilized four baseless complaints made by his colleagues, who were employed in senior management positions. These complaints were manufactured due to said individuals' personal gripes with Mr. Lewis and were entirely unrelated to Mr. Lewis' performance. First, Walt Hearn relentlessly sought to replace Mr. Lewis without cause. Second, Jim Chiamardas was envious of Mr. Lewis due to his achievements and rapid success. Third, Ryan

Stamm exhibited significant performance deficiencies and faced termination if he failed to improve. Lastly, Janice Casagrande disliked Mr. Lewis because, through his role, he took away some of her authority. Additionally, Casagrande maintained a personal friendship with Chief Financial Officer Maria Shields. Evidently, Defendant's decision to terminate Mr. Lewis' employment was due to its discriminatory animus against him on the basis of his gender.

21.     Later that day, Mr. Lewis received an email from an individual who does not work directly for Defendant stating, "Sorry to hear the news…I should have told you when I heard it was coming," confirming that this individual was aware of Defendant's scheme to terminate Mr. Lewis' employment several weeks prior. Similarly, other individuals in the field informed Mr. Lewis that Defendant spoke disparagingly about Mr. Lewis. As such, Defendant's slanderous statements regarding Mr. Lewis' performance and employment termination significantly damaged his reputation and credibility within the field of his profession.

22.     Defendant subjected Mr. Lewis to disparate treatment in the terms and conditions of his employment as compared to similarly-situated female employees.

23.     Specifically, upon information and belief, the Company and CEO, Ajei Gopal, refused to fire women who are in similar positions as Mr. Lewis. For example, upon information and belief, the Board of Directors has pressured Mr. Gopal to terminate CFO, Maria Shields. Notably, Shields has a fierce style about her, raises her voice and utilizes intimidation tactics. The Board of Directors is comprised of: Chairman Ronald W. Hovsepian, President and Chief Executive Officer Ajei S. Gopal, Independent Director Nicole Anasenes, Independent Director Glenda M. Dorchak, Independent Director Guy E. Dubois, Independent Director Alec D. Gallimore, Independent Director William R. McDermott, and Independent Director Barbara V. Scherer.

24.     Additionally, Mahoney had expressed to Mr. Lewis that he wished to fire Vice President of the 'Ace' Organization Renee Demay. Similar to Shields, at times, Demay has a very fierce personality, raises her voice and acts in an intimidating manner with her staff and team, and upon information and belief, there was copious Human Resources involvement and employee surveys on this matter. Defendant refused to allow Demay to be fired and instead granted her a new position as the Chief of Staff to Chief Executive Officer, Ajei Gopal. Significantly, Defendant failed to afford Mr. Lewis the same opportunity and instead abruptly terminated his employment. Upon information and belief, Defendant is in possession of Human Resources records evidencing that Defendant offered Performance Improvement Plans and offered said plans to female employees prior to terminating their employment.

25.     Defendant subjected Mr. Lewis to disparate treatment as compared to similarly-situated female employees regarding the terms and conditions of his employment. Defendant discriminated against Mr. Lewis in the terms, conditions, and privileges of his employment on account of his gender. Defendant's termination of Mr. Lewis's employment was due to its discriminatory animus against him on the basis of his gender.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000-e)**

26.     Mr. Lewis repeats and realleges every paragraph above, as if fully set forth herein.

27.     Mr. Lewis is a member of a protected class pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e.

28.     Mr. Lewis possessed proper qualifications for Defendant to continue his employment.

29.     Defendant's wrongful termination adversely affected Mr. Lewis's employment.

30.     The circumstances previously herein set forth give rise to the inference of gender discrimination by Defendant.

31.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of 42 U.S.C. § 2000-e, Mr. Lewis suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (DISCRIMINATION IN VIOLATION OF N.Y. EXEC. LAW § 296)

32.     Mr. Lewis repeats and realleges every paragraph above, as if fully set forth herein.

33.     Mr. Lewis is a member of a protected class pursuant to New York Executive Law § 296.

34.     Mr. Lewis possessed proper qualifications for Defendant to continue his employment.

35.     Defendant's wrongful termination adversely affected Mr. Lewis's employment.

36.     The circumstances previously set forth give rise to the inference of gender discrimination.

37.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Mr. Lewis suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (DISCRIMINATION IN VIOLATION OF N.Y.C. ADMIN. CODE §8-107)

38.     Mr. Lewis repeats and realleges every paragraph above, as if fully set forth herein.

39.     Mr. Lewis is a member of a protected class pursuant to New York City Administrative Code § 8-107.

40.     Mr. Lewis possessed proper qualifications for Defendant to continue his employment.

41.     Defendant's wrongful termination adversely affected Mr. Lewis's employment.

42.     The circumstances previously set forth give rise to the inference of gender discrimination.

43.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y.C. Admin. Code §8-107, Mr. Lewis suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## FOURTH CAUSE OF ACTION
### DEFAMATION

44.     Mr. Lewis repeats and realleges every paragraph above, as if fully set forth herein.

45.     Defendant intentionally published false statements to third-party recruiters in the field in which Mr. Lewis is employed regarding the basis for Mr. Lewis' termination. Specifically, Defendant falsely informed said recruiters that Mr. Lewis' employment was terminated based on poor performance.

46.     Defendant published said false statements without privilege or authorization prior to the actual termination of Mr. Lewis' employment.

47.     Defendant's defamatory conduct harmed Mr. Lewis' reputation in the field in which he seeks employment.

**WHEREFORE**, Mr. Lewis prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A.      A declaratory judgment that actions, conduct, and practices of Defendant complained of herein violate the laws of the United States and the State and City of New York;

B.      An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Lewis for all monetary and/or economic harm,

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Lewis for all non-monetary and/or compensatory harm, including but not limited to, compensation for mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E.      An award of damages for any and all other monetary/non-monetary losses suffered by Mr. Lewis in an amount to be determined at trial, plus prejudgment interest;

F.      An award of punitive damages;

G.      An award of costs that Mr. Lewis incurred in this action, as well as Mr. Lewis's

reasonably attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.


Dated:  November 8, 2019
        New York, New York


                                        Respectfully submitted,


                                        _____
                                        J. Christopher Albanese
                                        White, Hilferty & Albanese, P.C.
                                        *Attorneys for Plaintiff Craig Lewis*
                                        570 Lexington Avenue, 16th Floor
                                        New York, New York 10022
                                        (646) 380-0117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Case No.:
CRAIG LEWIS,

                      Plaintiff,                                    **VERIFICATION**

      -against-

ANSYS, INC.,

                     Defendant(s).
-------------------------------------------------------------------X

      CRAIG LEWIS pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff herein.

2. I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.

Executed:     New York, New York
                November ⌒, 2019

                                              CRAIG LEWIS

Sworn to before me this
  7 Day of November 2019

Notary Public

                    ALAN L SOLMAN
           NOTARY PUBLIC-STATE OF NEW YORK
                 No. 01SO6385139
             Qualified in New York County
          My Commission Expires 12-24-2022